FILED
IN CLERKS OFFICE

2021 SEP 13 AM 9:31

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 21cr10270 |
|  | ) |  |
| v. | ) | Violations: |
|  | ) |  |
| ATICHA JITTAPHOL, a/k/a "LILY," | ) | Counts One and Two: False Statements |
|  | ) | (18 U.S.C. § 1001(a)(2)) |
|  | ) |  |
| Defendant | ) |  |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. The defendant, ATICHA JITTAPHOL, a/k/a "LILY" ("JITTAPHOL"), was a resident of Brighton, Massachusetts. JITTAPHOL was the president and owner of Mantra Dhevi Spa, Inc. ("Mantra Dhevi Spa").

2. The Mantra Dhevi Spa was a business located at 9 Academy Hill Road, Brighton MA.

3. The Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

1

4.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the Paycheck Protection Program ("PPP"), which was a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll.

5.      The PPP application process required applicants to submit a loan application through an SBA-approved financial entity.  The PPP application was required to contain information about the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner, including questions relating to criminal history.  Applicants were also required to make good faith certifications, including that they intended to use loan proceeds only for authorized purposes and they were not engaged in any illegal activity.

6.      The PPP loan proceeds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities.  Under the program, the SBA would forgive all or part of loans if all employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities.

7.      Bank of America, N.A. ("Bank of America") was a federally insured financial institution based in Charlotte, North Carolina with branches throughout the United States.  Bank of America participated as a PPP lender and was authorized to lend funds to eligible borrowers under the terms of the PPP.

8.  Another related response to the COVID-19 outbreak was an expansion of an existing disaster-related program—the Economic Injury Disaster Loan ("EIDL")—to provide for loan assistance, including advances of up to $10,000, for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could be used to pay fixed debts, payroll, accounts payable, and other bills that would have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits or for expansion of a business.

9.  Unlike other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury and applicants applied through the SBA via an online portal. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner.

## False Statements

10.  Since in or around 2017, JITTAPHOL owned and operated the Mantra Dhevi Spa, which purported to be a legitimate massage parlor, but in fact, employees at the Mantra Dhevi Spa engaged in commercial sex acts with the customers. Not only was JITTAPHOL aware that commercial sex acts were being provided, she recruited employees with the understanding that they would provide commercial sex services; promoted commercial sex services by allowing employees to provide commercial sex services; attracted customers to Mantra Dhevi Spa by causing her employees to engage in commercial sex; and derived financial support from the commercial sex acts by collecting a portion of the proceeds that customers paid when they received commercial sex services.

11. Beginning in or around March 2020, and continuing until at least in or around May 2020, in the District of Massachusetts, JITTAPHOL devised a scheme to defraud and to obtain EIDL and PPP funds by means of materially false statements to the SBA and its authorized lenders. In particular, JITTAPHOL submitted EIDL and PPP applications that falsely certified that the Mantra Dhevi Spa was not engaged in any illegal activity.

12. On or about March 31, 2020, JITTAPHOL submitted an electronic EIDL application to the SBA for the Mantra Dhevi Spa seeking a loan of approximately $30,000. JITTAPHOL's EIDL application contained the false and fraudulent statement that the "Applicant is not engaged in any illegal activity (as defined by Federal Guidelines)." The SBA defined "illegal activity" as "illegal activity under federal, state, or local law."

13. Although the SBA found that JITTAPHOL did not qualify for the full loan amount she requested, the SBA provided a $2,000 payment, under the EIDL Advance program. JITTAPHOL received the $2,000 in SBA EIDL funds on or about April 22, 2020.

14. On or about April 7, 2020, JITTAPHOL submitted an electronic PPP application for the Mantra Dhevi Spa through SBA-authorized lender Bank of America seeking a $5,066.67 loan. JITTAPHOL's PPP loan application contained the false and fraudulent statement that, "The Applicant is not engaged in any activity that is illegal under federal, state, or local law."

15. JITTAPHOL received $5,066.67 under the PPP program on May 8, 2020.

<u>COUNT ONE</u>
False Statements
(18 U.S.C. § 1001(a)(2))

The United States Attorney charges:

16. The Grand Jury re-alleges and incorporates by reference paragraphs 1-15 of this Information.

17. On or about March 31, 2020, in the District of Massachusetts, the defendant,

ATICHA JITTAPHOL, a/k/a "Lily,"

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, as described in Paragraph 12 of the Information.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
## False Statements
## (18 U.S.C. § 1001(a)(2))

The United States Attorney charges:

18. The Grand Jury re-alleges and incorporates by reference paragraphs 1-15 of this Information.

19. On or about April 7, 2020, in the District of Massachusetts, the defendant,

ATICHA JITTAPHOL, a/k/a "Lily,"

knowingly and willfully made a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, as described in Paragraph 14 of the Information.

All in violation of Title 18, United States Code, Section 1001(a)(2).

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Elysa Q. Wan
ELYSA Q. WAN
Assistant United States Attorney
ALYSSA TOCHKA
LUKE GOLDWORM
Special Assistant United States Attorneys