

U.S. Department of Justice

*Nathaniel R. Mendell*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 27, 2021

Keith Halpern
572 Washington Street #19
Wellesley, MA 02482

    Re:    <u>United States v. Aticha Jittaphol</u>

Dear Mr. Halpern:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Aticha Jittaphol ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

No later than September 10, 2021, Defendant will waive Indictment and plead guilty to counts one and two of the Information: making false statements, in violation of 18 U.S.C. § 1001. Defendant admits that she committed the crimes specified in these counts and is in fact guilty of each one. Defendant agrees to the accuracy of the attached statement of facts. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for five years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $200; and restitution.

Defendant understands that, if she is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.  Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw her plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw her guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.  Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 6:

   a) Defendant's base offense level is 6, because the defendant was convicted of an offense with a statutory maximum of less than 20 years (USSG § 2B1.1(a)(2));

   b) Defendant's offense level is increased by 2, because the Defendant offense caused a loss amount exceeding $6,500 (USSG § 2B1.1(b)(1)(B)); and

   c) Defendant's offense level is decreased by 2, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (herself or through counsel) indicates that she does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which she is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.  Agreed Disposition

The parties agree on the following sentence:

   a) incarceration for 0 months;

   b) 36 months of probation;

   c) a mandatory special assessment of $100, which Defendant must pay to the Clerk

of the Court by the date of sentencing; and

d) restitution of $7,066.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) She will not challenge her <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence regardless of whether she later changes her mind or finds new information that would have led her not to agree to give up these rights in the first place.</u>

Defendant acknowledges that she is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges

specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if she breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw her guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from her commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if she breaches any provision of this Agreement or engages in any of the aforementioned conduct, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Elysa Q. Wan.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: _____
KELLY B. LAWRENCE
Chief, Health Care Fraud Unit

_____
ELYSA Q. WAN
Assistant U.S. Attorney
ALYSSA TOCHKA
LUKE GOLDWORM
Special Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

*Aticha Jittaphol*
Aticha Jittaphol
Defendant

Date: 9/9/2021

I certify that Aticha Jittaphol has had this Plea Agreement read to her in her native language and that we have discussed what it means. I believe Aticha Jittaphol understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

*Keith Halpern*
Keith Halpern
Attorney for Defendant

Date: 9/9/21

## STATEMENT OF FACTS

Since in or around 2017, Aticha JITTAPHOL owned the Mantra Dhevi Spa, a massage parlor in Brighton, MA. JITTAPHOL employed two to five employees and, at times, JITTAPHOL herself also worked at the Mantra Dhevi Spa. With JITTAPHOL's knowledge and consent, employees of the Mantra Dhevi Spa provided sexual services for a fee to many customers. Typically, customers were asked if they wanted a "happy ending" or a hand job at the end of their massage session. Customers paid $80 for a one-hour massage session, and JITTAPHOL received $40 for each one-hour session. JITTAPHOL's employees kept the remaining $40 and any tips.

On March 31, 2020, JITTAPHOL applied to the Small Business Administration for an Economic Injury Disaster Loan ("EIDL") of about $30,000 for her business. The Small Business Administration is an Executive-branch government agency. In the application, JITTAPHOL certified that the "Applicant is not engaged in any illegal activity (as defined by Federal Guidelines)." The Federal Guidelines define "illegal activity" as any "illegal activity under federal, state, or local law." 13 CFR § 120.110 (h). This statement was false because JITTAPHOL was violating several state laws related to prostitution. Although the Small Business Administration declined to give JITTAPHOL the full loan amount that she requested, they paid JITTAPHOL $2,000 under the EIDL Advance program on April 22, 2020.

On April 7, 2020, JITTAPHOL submitted a Paycheck Protection Program ("PPP") application to Bank of America, a Small Business Administration-approved lender. Again, the application falsely stated that, "The Applicant is not engaged in any activity that is illegal under federal, state, or local law." JITTAPHOL applied for $5,066.67 in funds and received the money on May 8, 2020.